**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RYAN HARTER,

    Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE;
NATIONAL ASSOCIATION OF
LETTER CARRIERS, AFL-CIO,

    Defendants-Appellees.

No.  21-35129

D.C. No. 2:19-cv-00161-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted February 8, 2022[**]
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

  Ryan Harter appeals the district court's order granting summary judgment to

the National Association of Letter Carriers (NALC) on his duty-of-fair-

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

representation claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Harter argues on appeal that NALC breached the duty of fair representation in two ways: (1) by his union representative (Ray) confirming to Harter's work supervisor (Dokken) after an investigative interview that Harter said he "drove back" from California; (2) by Ray not reporting to the union-branch president (Pardick) that Dokken mentioned the possibility of a settlement offer without a "last chance"[2] provision in the Informal Step A meeting.[3]

Our review of a union's duty of fair representation is narrow in order to give "substantial deference" to unions concerning how they represent their members. *See Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985) (quoting *Johnson v.*

---

[1]  Because the parties are familiar with the facts, we recite only those necessary to decide this appeal.

[2]  The district court understood a "last chance" provision as an agreement between an employer and an employee whereby the employee agrees to follow the rules of the agreement and a violation of those rules can lead to the removal of the employee at the discretion of management.

[3]  Harter also argues that Dokken acted improperly by revising his notes after Ray confirmed what she had heard Harter say. But Harter makes no legal argument that any impropriety by Dokken is a basis for relief. We therefore deem this issue waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." (citing *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006))).

*U.S. Postal Serv.*, 756 F.2d 1461, 1466 (9th Cir. 1985)). If a union's conduct was ministerial, a plaintiff may prevail only if the union's conduct was arbitrary, discriminatory, or in bad faith. *Wellman v. Writers Guild of Am., W., Inc.*, 146 F.3d 666, 670 (9th Cir. 1998) (quoting *Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1486 (9th Cir. 1993)). If a union's conduct involved judgment, a plaintiff may prevail only if the union's conduct was discriminatory or in bad faith. *Id.* (quoting *Marino*, 992 F.2d at 1486). Harter concedes that Ray's conduct did not involve judgment and argues that Ray acted arbitrarily. Conduct is "arbitrary" only when it is "so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal citation omitted) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). Harter has the burden of establishing that NALC's conduct was arbitrary. *See Demetris v. Transp. Workers Union of Am., AFL-CIO*, 862 F.3d 799, 805 (9th Cir. 2017) (citing *Beck v. United Food & Com. Workers Union*, 506 F.3d 874, 879 (9th Cir. 2007)).

We conclude that Harter fails to establish that NALC's conduct was arbitrary. During the investigative interview, Dokken asked Harter how he had returned from a trip to California. Dokken noted Harter's response as "flew down and drove back"; Ray noted Harter's response as "Fly down drove back." After

3

the meeting concluded, Dokken asked Ray whether she heard Harter say that he drove back from California, and Ray answered affirmatively. Indeed, Harter later affied that he said "I drove back" during the interview.[4] Harter cites no authority supporting his contention that a union representative acts arbitrarily by confirming her firsthand experience. Nor does Harter otherwise establish that Ray acted irrationally by doing so. *See Air Line Pilots Ass'n, Int'l*, 499 U.S. at 67.

Harter has not shown that he was prejudiced by Ray's statement because: (1) Harter does not dispute that NALC argued through multiple levels of proceedings that, despite his ambiguous statement, Harter did not drive back from California; and (2) Harter has not established that but for Ray's statement, the outcome of the arbitration would have differed, *see McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016) (explaining that speculative arguments are insufficient to defeat summary judgment (citing *R.W. Beck & Assocs. v. City & Borough of Sitka*, 27 F.3d 1475, 1480 n.4 (9th Cir. 1994))).

During the Informal Step A meeting, Dokken discussed with Ray the possibility of a settlement offer without a "last chance" provision, but Dokken only

---

[4]     For this reason, Harter's reliance on *Tolan v. Cotton*, 572 U.S. 650 (2014), to argue that a factual dispute should have prevented summary judgment in this case is inapt. Here, though there might have been a dispute as to whether Harter actually drove back from California, there is no dispute that Ray accurately noted his response to the interviewer's question.

offered to resolve Harter's grievance by reducing his termination to a 14-day suspension *with* a "last chance" provision. Ray did not communicate the possibility of an offer with more favorable terms. But Harter has not shown that he was prejudiced by Ray's failure to communicate the potential offer because the more favorable offer was actually extended at the Formal Step A meeting, and Pardick rejected it. Harter does not dispute that Pardick had authority to reject the offer.

For these reasons, the district court did not err by dismissing Harter's duty-of-fair-representation claim against NALC. The district court dismissed with prejudice Harter's contract claim against the United States Postal Service because it was dependent upon Harter's duty-of-fair-representation claim. Because we conclude that the district court did not err by dismissing Harter's duty-of-fair-representation claim, and because Harter did not discuss his contract claim on appeal, we affirm the district court's dismissal of Harter's contract claim.

**AFFIRMED.**